CHARLES F. HORNER v. GEORGE B. HUGHBANKS.

FILED OCTOBER 5, 1904.   No. 13,603.

Evidence examined, and *held* sufficient to sustain the judgment of the trial court.

ERROR to the district court for Dawson county: CHARLES L. GUTTERSON, JUDGE.   *Affirmed.*

*Warrington & Stewart,* for plaintiff in error.

*J. H. Linderman* and *Geo. C. Gillan, contra.*

OLDHAM, C.

This was a suit by plaintiff in the court below to recover the purchase price of corn alleged to have been sold and delivered to the defendant for the agreed price of 23 cents a bushel.   The issues were tried to a jury in the court below, and a verdict returned for plaintiff as prayed in his petition, and defendant brings error to this court. The only alleged errors called to our attention in defendant's brief are that the evidence is not sufficient to sustain the verdict, and that the instructions of the trial court were not warranted by the testimony.   As there is no complaint about any of the instructions misstating the law, we shall treat the two assignments of error together, and proceed to an examination of the testimony contained in the bill of exceptions.

It appears without dispute that plaintiff in the court below was a tenant on a farm situated in Dawson county, which defendant purchased in the spring of 1903, and before the expiration of plaintiff's lease; the defendant purchased the unexpired lease of the farm from plaintiff, and arranged to take possession from the 1st to the 10th of April, of that year; that this arrangement and agreement was entered into in the month of March, and that there was considerable standing corn on the farm at this time, which the plaintiff was proceeding to gather before

delivering possession of the place; that certain corn was standing on a wheat field of about 50 acres; that defendant suggested to plaintiff that it would injure the wheat to gather the corn at this time as the ground was muddy, and suggested to him that he and his tenants could possibly use 400 to 500 bushels of the corn standing in the wheat field; and it was agreed between the parties that either defendant or his tenant would go on the land and husk the corn from two rows, and measure that amount, and estimate the remainder of the corn by multiplying the number of rows by the average yield of the two rows measured; and for this corn defendant was to pay 23 cents a bushel. About the price and the manner of estimating the quantity of growing corn there is no dispute between the parties; nor is there any dispute that defendant sent his tenants to measure the corn growing in the manner agreed upon; and there was by this agreed estimate 572 bushels of corn on the wheat field. It is also in evidence that defendant took possession of the premises on the 9th of April, and that all this corn was left on the wheat field by the plaintiff. It is also undisputed that defendant gathered all this corn after taking possession of the premises; but defendant contends that while he said he could use 400 or 500 bushels of corn, yet that he only agreed to take 100 bushels at the price and under the estimate agreed upon, and that when he gathered the corn he separated the amount taken from the wheat field into two bins, reserving all in excess of 100 bushels for the plaintiff, and that he had tendered plaintiff $23 for 100 bushels of corn which he had kept for himself. On the contrary, the plaintiff and his brother testify that the defendant agreed to take all the corn in the wheat field on the agreed terms before set out. In this condition of the record we think there was much competent testimony to sustain the verdict of the jury, and we therefore recommend that the judgment of the trial court be affirmed.

AMES and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.